# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASON EDMONDSON,

    Plaintiff,

v.                                                  Case No. 13-C-613

DIANE FREMGEN,

    Defendant.

## DECISION AND ORDER

    Plaintiff brought this action under 42 U.S.C. § 1983 against Diane Fremgen, the clerk of the state courts of appeals. He alleges that Fremgen violated various of his civil rights when she froze his inmate trust accounts until filing fees had been paid in two of his state appeals. The Defendant has now moved to dismiss. For the reasons given below, the motion will be granted.

    Wisconsin law, like federal law, allows indigent citizens to file civil actions without prepayment of the filing fee. But, also like federal law, Wisconsin law provides that the unpaid fee is not waived in its entirety but is collected over time, as funds allow. "The agency having custody of the prisoner shall freeze the prisoner's trust fund account until the deposits in that account are sufficient to pay the balance owed for the costs and fees." Wis. Stat. 814.29(1m)(e). In effect, what this means is that the state will allow an indigent prisoner to file civil actions or appeals without *pre*-payment of the filing fee, but in return the inmate must essentially direct all of his future earnings and deposits toward the payment of those fees. The account is thereby frozen until the balance owed is paid. *Id.*

In April 2013 Edmondson filed two appeals in state court. Under state procedures, the Clerk of Court is empowered to determine whether an inmate meets the indigence requirement of the statute. Accordingly, Defendant Fremgen determined that Plaintiff was eligible and allowed his appeals to be filed without prepayment of the fee. In connection with those determinations, and in accordance with state law, she also ordered Edmondson's inmate trust account frozen until the filing fees were paid. Edmondson argues that this violated his right to access the courts, constituted an unconstitutional seizure, and denied his right to due process of law.

At the outset, I must address Plaintiff's motion to appoint counsel. Courts have no ability to "appoint" counsel in civil cases, but in some cases they are obligated to attempt to recruit counsel to assist civil litigants to ensure that they receive due process. "The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt v. Mote,* 503 F.3d 647, 655 (7th Cir. 2007). Here, the claims are quite intelligible and factually straightforward: the Plaintiff is complaining that his money was taken and his account was frozen. Claims like this are analyzed under well-known constitutional frameworks. Federal courts are well-versed in addressing such claims; in fact, such claims are *usually* addressed without counsel. Second, Plaintiff has revealed an above-average ability to litigate on his own behalf. His filings are neatly typed and his arguments are cogent. In short, it is hard to imagine how outside counsel would have made a material difference to this action. The motion will therefore be denied.

Turning to the merits, I first note that it is difficult to envision how freezing his account violated Plaintiff's right to access the courts, given that it was part of the process that *allowed* his appeals to be filed in the first place. "Lindell's ability to proceed by having deductions for the filing

2

fee made from his prison account provides him meaningful access to the courts." *State ex rel. Lindell v. Litscher,* 2003 WI App 36, 260 Wis.2d 454, 461, 659 N.W.2d 413, 417 (Wis. Ct. App. 2003). Plaintiff suggests that not having the ability to spend money in his account prevents him from copying legal materials and the like, but those are the sorts of impairments that countless indigent litigants face. Open access to petition the courts does not mean an unrestricted right to spend money doing legal research. It simply means an inmate must be afforded *access* to materials crucial to his claim. *Campbell v. Clarke,* 481 F.3d 967, 968 (7th Cir. 2007) (prisoner must allege that "a lack of access to legal materials has undermined," or caused to founder, "a concrete piece of litigation".) Here, Plaintiff does not even allege that the Defendant, by *allowing* his appeals to proceed, somehow injured his ability to access the courts.

Plaintiff also argues that the state's procedures for withdrawing his funds were improper because he never agreed to them. He signed a form indicating that he authorized the agency to withdraw payments each time the account exceeds $10 until the costs are paid in full. He asserts that this form did not suggest that the state had the ability to freeze his account.

But that is what the statute itself provides. In essence Plaintiff's complaint is that the Defendant followed state law. But state law is the *source* of any property rights Plaintiff might have had in his trust account. *Bd. of Regents v. Roth,* 408 U.S. 564, 577 (1972). Since the Defendant followed that law, there can be no procedural due process claim. To the extent Plaintiff suggests he lacked adequate notice, the Defendant is not under some sort of general obligation to provide advance notice to citizens that she will be following the law. "Generally, a legislature need do nothing more than enact and publish the law, and afford the citizenry a reasonable opportunity to familiarize itself with its terms and to comply." *Texaco, Inc. v. Short,* 454 U.S. 516, 532 (1982).

3

The law presumes that citizens are familiar with duly passed statutes, and thus the mere fact that the authorization form Plaintiff himself signed did not mention freezing his account does not entitle him to relief.

Moreover, the freezing of the account is actually implicit in the form Plaintiff signed. If the state can collect the funds only when they exceed $10, not freezing his account would allow an inmate to artificially keep his account *below* $10 for all eternity, thus preventing the state from ever recovering the filing fee. It is implicit in the form, and explicit in the statute, that the state may prevent the inmate from artificially depleting the funds it is owed. The fact that it is not explicit on the form Plaintiff signed does not give rise to some sort of due process claim.

Plaintiff also argues the freezing of his account constituted an illegal seizure. Again, however, Plaintiff looks solely at the *freezing* aspect without considering the context in which it occurs. As described above, freezing an account is part of a process Plaintiff himself initiated by asking to proceed *in forma pauperis* on his appeals. He signed a form indicating that the fees would be withdrawn from his account. It is not as though the state is simply seizing his property and taking it for no purpose. It is instead taking it to pay for services that the Plaintiff himself desired. (In fact, the state is giving him an interest-free loan to pay the fees.) That is no more a seizure than a fee paid upon entrance to a state park.

In addition, it is clear that the Fourth Amendment provides little protection in the prison environment. As the Ninth Circuit has recognized, "An inmate's fourth amendment rights are among the rights subject to curtailment. In particular, the fourth amendment does not protect an inmate from the seizure and destruction of his property. . . . Hence it cannot protect an inmate from

4

the conversion of his property." *Taylor v. Knapp,* 871 F.2d 803, 806 (9th Cir. 1989). *See Jackson v. SCI-Camp Hill,* 2012 WL 3990888, *6 (M.D. Pa., September 11, 2012) (collecting cases).

Finally, Plaintiff suggests that he has a claim under the Takings Clause because he has been permanently deprived of money. The permanent deprivation of money is not what constitutes a Takings claim. If that were true, then any taxpayer or payer of filing fees would have such a claim. The Constitution does not prohibit the government from taking money in the payment of legitimate fees or levies. Here, as a condition of allowing Plaintiff to proceed without prepayment of his filing fee, the government seized his account. That is not a taking.

The motion to dismiss is **GRANTED**. The motion to appoint counsel is **DENIED**. The case is **DISMISSED** with prejudice.

**SO ORDERED** this   22nd   day of April, 2014.


   s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court